UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ABE'S BOAT RENTALS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO:  16-14570** |
| | **c/w  16-14645; 16-14895** |
| **WAS MARINE SERVICE, INC.** | **SECTION: "S" (4)** |

**APPLIES TO ALL CASES**

### ORDER;

Before the Court is Walter Stokes ("Stokes"), as owner of the M/V CAPT STOKES and WAS Marine Service, Inc. ("WAS") (collective "WAS Defendants")'s **Motion for Leave to File Amendments to Their Pleadings (R. Doc. 24)** seeking leave of the Court to file a First Amendment to its Counterclaim against Abe's Boat Rental ("ABR"); a Counterclaim against Tony Galindo; a Counterclaim against ABR; and a First Amendment to Claim against ABR. The motion is unopposed. The motion was submitted on April 19, 2017 and heard without oral arguments.

### I.   Background

This action was initially filed in the District Court on September 8, 2016 by ABR against WAS Marine Services, Inc ("WAS"). R. Doc. 1. In that case, Civil Action No. 2:16-cv-14570, ABR alleged that on July 6, 2016 its offshore crewboat M/V MISS WYNTER collided with WAS's offshore supply vessel the M/V CAPT. STOKES. *Id.* at p. 2. ABR alleges that WAS is liable for its damages sustained as a result of the collision under claims of negligence by WAS or, alternatively, the unseaworthiness of the M/V CAPT. STOKES. *Id.* at p. 3-5. On September 9, 2016, WAS answered and filed a counterclaim against ABR, asserting that ABR was liable to it for its damages sustained in the collision based on ABR's negligence and/or the unseaworthiness of the M/V MISS WYNTER.

On September 12, 2016, WAS filed a Limitation Action seeking limitation of its liability arising out of the Collision. Civ. Act. No. 2:16-cv-14645, R. Doc. 1. ABR as well as Tony Galindo, the captain of the M/V MISS WYNTER, are claimants in that action. Civ. Act. No. 2:16-cv-14645, R. Doc. 12, R.

Doc. 14. Similarly, on September 22, 2016, ABR filed its own Limitations Action seeking limitation of its own liability arising out of the Collision. Civ. Act. No. 2:16-cv-14895, R. Doc. 1. WAS is a claimant in that action. Civ. Act. No. 2:16-cv-14895, R. Doc. 7.

Since the initial filing, ABR has filed a third-party claim in Civil Action Nos. 2:16-cv-14570 and 2:16-cv-14895 as well as a cross claim in Civ. Act. No. 2:16-cv-14645 against Tony Galindo. *See* R. Doc. 22 (order granting leave to file).

At this time, the WAS Defendants seeks to file an amended counterclaim against ABR; a Counterclaim against Galindo; a Counterclaim against ABR; and an amended claim against ABR. R. Doc. 24. In particular, WAS argues that on February 27, 2017 the WAS Defendants learned for the first time that Galindo was at all material times under the influence of some drug. R. Doc. 24-1, p. 2. Subsequently, on March 10, 2017, ABR's counsel provided the Parties with a copy of a drug test which indicated that Galindo tested positive for cannabinoids in the mandatory post-incident drug test. *Id.* Thereafter, the WAS Defendants filed the instant motion on March 17, 2017.

## II.    Standard

Generally, Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. Rule 15(a) allows a party to amend its pleadings "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Moreover, the Rule urges that the Court "should freely give leave when justice so requires." *Id.* In taking this liberal approach, the Rule "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

"Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir.2002)). When denying a motion to amend, the court must have a "substantial

reason" considering such factors as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ...and futility of the amendment.'" *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d at 994). An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion. *Id.* (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir 2003)).

While the Federal Rules of Civil Procedure do not place similar limitations on when a counterclaim may be filed, in regards to when the Party seeks leave to file the amendment or the counterclaim, "the Fifth Circuit [has] clarified that when, as here, a scheduling order has been issued by the district court, Rule 16(b) governs." *Royal Ins. Co. of America v. Schubert Marine Sales*, 02–0916, 2003 WL 21664701, at *2 (E.D. La. July 11, 2003) (Englehardt, J.) (citing *S & W Enterprises, L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535–36 (5th Cir.2003)). Rule 16(b) limits changes in the deadlines set by a scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To determine if good cause exists as to untimely motions to amend pleadings, the Court should consider: "(1) the movant's explanation for its failure to timely move for leave to [file]; (2) the importance of the [claim]; (3) the potential prejudice in allowing the [claim]; and (4) the availability of a continuance to cure that prejudice." *Schubert Marine Sales*, 2003 WL 21664701, at *2 (citing *S & W Enterprises*, 315 F.3d at 536). If the movant can show good cause, the Court will then apply the liberal standards of Rule 15(a). *S&W Enterprises*, 315 F.3d at 536.

### III. Analysis

The WAS Defendants seek leave of the Court to file an amended counterclaim against ABR; a Counterclaim against Galindo; a Counterclaim against ABR; and an amended claim against ABR. R. Doc. 24. In particular, the WAS Defendants seek leave to amend and assert appropriate claims in light of the revelation that Galindo was allegedly under the influence of drugs when the subject incident took place. R. Doc. 24-1, p. 2.

Because the WAS Defendants' motion comes after the deadline of February 27, 2017 for the filing of counterclaims and amendments to pleadings (R. Doc. 16, p. 1-2), the WAS Defendants' motion must meet the good cause standard under Rule 16(b). Here, the Court believes that the WAS Defendants' have easily met this standard. First, WAS Defendants' have provided a satisfactory explanation for the failure to timely file the instant motion given that they were only informed of Galindo's possible drug use at the midnight hour of the deadline to file and only received confirmation of those allegations on March 10, 2017. R. Doc. 24-1, p. 1-2. WAS Defendants then quickly filed the instant motion on March 17, 2017. *Id.* Moreover, given the new factual allegations found in these pleadings related to Galindo's alleged drug use, the motion is clearly important for the WAS Defendants to assert the appropriate claims. Finally, given the relatively early juncture of the case and the lack of any opposition filed, the Court finds that no prejudice will result from the filing of these pleadings. As such, Court finds that the motion has satisfied the good cause standard.

Therefore, the Court grants the motion to file a counterclaim against Tony Galindo and a counterclaim against ABR in Civil Action No. 2:16-cv-14645. And, given the liberal standard espoused by Federal Rule of Civil Procedure 15, the Court sees no substantial reason to deny the motion as to the amended counterclaim and grants the motion to file a First Amendment to its Counterclaim against ABR in Civil Action No. 2:16-cv-14570 and to file a First Amendement to Claim against ABR in Civil Action No. 2:16-cv-14895.

## IV.    Conclusion

Accordingly,

**IT IS ORDERED** that **Motion for Leave to File Amendments to Their Pleadings (R. Doc. 24)** is **GRANTED.**

**IT IS FURTHER ORDERED** that the Defendant's leave to file a First Amendment to Counterclaim is **GRANTED** as to Civ. Act. No. 2:16-cv-14570.

**IT IS FURTHER ORDERED** that Petitioners' leave to file Counterclaim against Tony Galindo is **GRANTED** as to Civil Action No. 2:16-cv-14645.

**IT IS FURTHER ORDERED** that Petitioners' leave to file Counterclaim against Abe's Boat Rentals, Inc. is **GRANTED** as to Civil Action No. 2:16-cv-14645.

**IT IS FURTHER ORDERED** that Claimants' leave to First Amendment to Claim against Abe's Boat Rentals, Inc. is **GRANTED** as to Civil Action No. 2:16-cv-14895.

New Orleans, Louisiana, this 19th day of April 2017.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**