UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ABE'S BOAT RENTALS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO:   16-14570 c/w** <br> **16-14645** <br> **16-14895** |
| **WAS MARINE SERVICE, INC.** | **SECTION: "S" (4)** |

### ORDER

Before the Court is a **Motion to Compel Inspection of the M/V MISS WYNTER and to Compel Abe's Boat Rentals, Inc. to Update Discovery Responses (R. Doc. 67)**, filed by Defendants Walter A. Stokes and WAS Marine Service, Inc. (collectively, "WAS Defendants"), seeking to compel Abe's Boat Rentals, Inc. ("ABR"), to produce the M/V MISS WYNTER for inspection and to require ABR to update their response to the WAS Defendants' Interrogatory No. 10. The motion is opposed. R. Doc. 70. The motion was originally submitted for October 25, 2017, however, the WAS Defendants requested that the Court expeditiously consider their Motion to Compel Inspection of the M/V MISS WYNTER and to Compel Abe's Boat Rentals, Inc. to Update Discovery Responses. R. Doc. 68. The Court granted the motion for an expedited hearing and the motion was submitted on Wednesday, October 18, 2017.[1]

**I.     Background**

This action was filed by Plaintiff Abe's Boat Rentals, Inc., seeking damages arising out of a July 6, 2016, collision between the offshore crewboat M/V MISS WYNTER and the offshore supply vessel M/V CAPT. STOKES in the Freshwater City Channel. R. Doc. 1. The M/V MISS WYNTER was owned by Plaintiff ABR. The M/V CAPT STOKES was owned and operated by the WAS Defendants. *Id.*

---

[1] The WAS Defendants moved for an expedited hearing on its motion to compel. On Wednesday, October 11, 2017, the Court granted the WAS Defendants' motion to expedite and set oral argument for October 18, 2017. Abe's Boat Rentals, LLC, filed its opposition on Friday, October 13, 2017. R. Doc. 70. On the morning of oral argument, the Court cancelled oral argument, and instead, held a discovery conference with the Parties. R. Doc. 74.

ABR filed the instant suit, alleging that the collision was caused by the negligence of the WAS Defendants. *Id*. The WAS Defendants have filed a counterclaim, alleging that the collision was the sole fault of ABR and seeking recovery for the physical damages and loss of use of the M/V CAPT STOKES. R. Doc. 3.

At this time, the WAS Defendants have filed a Motion to Compel Inspection of the M/V MISS WYNTER and to Compel Abe's Boat Rentals, Inc. to Update Discovery Responses, arguing that: (1) they formally requested inspection of the M/V MISS WYNTER on September 19, 2017, and ABR has not committed to allowing the inspection or providing dates for the inspection; and (2) they received new evidence requiring ABR to update its answer to Interrogatory No. 10, which ABR has not done. R. Doc. 67-1.

In opposition, ABR argues that the WAS Defendants' motion should be denied because: (1) the WAS Defendants moved to compel inspection of the M/V MISS WYNTER only 17 days after propounding its request for production and ABR was still within the 30-day period it had to respond; and (2) ABR was not aware of any new evidence requiring it to supplement its discovery to Interrogatory No. 10 and ABR would not be under any duty to supplement because the information is known to the WAS Defendants. R. Doc. 70.

## II. Standard of Review

Federal Rule of Civil Procedure ("Rule") 34 governs a party's request "to permit entry onto designated land or other property possessed or controlled by the responding party." Fed. R. Civ. P. 34(a)(2). Rule 34 provides that the request must describe with "reasonable particularity" the property to be inspected as well as specify the time, place, and manner of the inspection. Fed. R. Civ. P. 34(b)(1)(A)-(B). After entering the property, the requesting party may "inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34(a)(2).

2

Similarly, Rule 33 allows a party to serve another party written interrogatories which, "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Both Rule 33 and 34 are limited by Rule 26(b)(1), which requires that the information sought be relevant and proportional to the needs of the case. Fed. R. Civ. 26(b)(1).

Federal Rule of Civil Procedure 26(e) governs the supplementation of disclosures and responses. Rule 26(e) states that any party who has made a disclosure or who has responded to an interrogatory, request for production, or request for an admission "must" supplement or correct its disclosure or response in one of two situations. Fed. R. Civ. P. 26(e). First, supplementation is required in a timely manner if the party, "learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional information or corrective information has not been otherwise made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). In addition, a party must supplement or amend its response as ordered by the court. Fed. R. Civ. P. 26(e)(1)(B).

Finally, Rule 37 allows for a party to move for an order compelling discovery. In addition to alleging that the responding party has failed to properly cooperate with discovery, a motion to compel under Rule 37(a) must also "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

**III.   Analysis**

    **A.   Second Request for Production of Documents and Inspection—Request for Inspection No. 1**

The WAS Defendants seek an order requiring ABR to produce the M/V MISS WYNTER for inspection. The WAS Defendants contend that during a deposition an issue was raised with regards to the layout of the wheelhouse of the M/V MISS WYNTER. R. Doc. 67-1, p. 3. The WAS Defendants argue that they should be afforded the opportunity to inspect the M/V MISS

3

WYNTER to determine if that claim has any credibility.  The WAS Defendants formally requested the inspection on September 19, 2017.

ABR contends that it had thirty (30) days to respond to the WAS Defendants' request, and that at the time the WAS Defendants filed their motion to compel the 30-day period had not yet expired.  ABR contends that the WAS Defendants filed its motion to compel only 17 days after propounding its request on ABR. R. Doc. 70, p. 2.  In their opposition, ABR states that they were in the process of setting dates for the inspection when they received notice that the WAS Defendants filed the motion to compel.  Further, ABR argues that the inspection had tentatively been scheduled for October 18, 2017, however, due to the weather, the boat remained under charter.  Notwithstanding the inability to conduct the inspection as planned, ABR contends that the Court should note its effort in scheduling the inspection.

Rule 34 states that the party to whom the request is directed must respond in writing within 30 days after being served. Fed. R. Civ. P. 34. The response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. Fed. R. Civ. P. 34(b)(2)(B).

In addition, Rule 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection when the party fails to respond as required under Rule 34.  Fed. R. Civ. P. 37(a)(3)(B)(iv).

In this case, the Second Requests for Production of Documents and Inspection were propounded on September 19, 2017.  ABR's response would have been due on October 19, 2017.  However, the subject motion was filed by the WAS Defendants on October 6, 2017, thirteen days before it was due. This Court, therefore, concludes that the motion to compel the inspection of the M/V MISS WYNTER was prematurely filed.

In addition, counsel for the WAS Defendants failed to meet and confer to obtain discovery as required by Rule 37.  ABR provided an email indicating that it was attempting to schedule the

4

inspection with the WAS Defendants on October 6, 2017. R. Doc. 70-2. Had the WAS Defendants' counsel followed the rules that are in place, the WAS Defendants would have exercised due diligence in scheduling the inspection with ABR. The Court, therefore, finds that the request to compel a response to the Second Requests for Production of Documents and Inspection is premature, and therefore, **DENIED**.

### B. ABR's Answer to Interrogatory No. 10

The WAS Defendants contend that ABR should be required to update its response to Interrogatory No. 10. The WAS Defendants Interrogatory No. 10 was directed to ABR and asked ABR to, "state whether you or any employee of you were issued any notices, citations, fines, penalties, reprimands, or suspensions by the U.S. Coast Guard, the BOEME, the Louisiana Department of Environmental Quality, or any other federal or state government department agency pertaining in any manner to the Incident, and if so, describe in detail." R. Doc. 67-2. On May 3, 2017, ABR responded by stating "ABR is not aware of any such instances." *Id*. The WAS Defendants allege that in July 2017 they received the U.S. Coast Guard's file on the incident, which contained a "U.S. Coast Guard Notice of Violation" listing five violations that ABR was cited for as a part of the U.S. Coast Guard's investigation of the underlying incident. R. Doc. 67-1. The WAS Defendants, in their motion, state that they immediately asked ABR to update its answer to Interrogatory No. 10 and that ABR has not responded to that request.

In its opposition, ABR contends that on October 2, 2017, it told the WAS Defendants that it had no supplemental information to provide in response to the WAS Defendants' Interrogatory No. 10. R. Doc. 70. However, ABR consented to investigate the issue further, looking to provide a response by October 6, 2017, when ABR's owner was expected to be back in the office. R. Doc. 70-3. ABR argues that the WAS Defendants filed their motion to compel before it was given an opportunity to respond. ABR also contends that because the WAS Defendants are already in possession of a document concerning citations made by the U.S. Coast Guard then the information

has been made known to the WAS Defendants and as a result there is no duty for ABR to supplement their response to Interrogatory No. 10 under Rule 26(e).

Federal Rule of Civil Procedure 26(e) requires that any party who has made a disclosure or who has responded to an interrogatory, request for production, or request for an admission must supplement or correct its disclosure or response in one of two situations. First, supplementation is required in a timely manner if the party, "learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional information or corrective information has not been otherwise made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). In addition, a party must supplement or amend its response as ordered by the court. Fed. R. Civ. P. 26(e)(1)(B).

The use of interrogatories is often an effective way to "obtain simple facts, to narrow the issues by securing admissions from the other party, and to obtain information needed in order to make use of the other discovery procedures." 8B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*, § 2163 (3d ed.). The interrogatory is, therefore, often a means of getting a party's sworn answer.

While information that has been made known to the other parties by a method other than interrogatory may relieve a party of the duty to supplement under Rule 26(e) in some situations, there may be instances where the information may become known to the other parties without relieving the duty of formal supplementation. Rule 33 requires that interrogatories be signed. Any supplement to an interrogatory would also have to be signed to meet the requirements of the Rule. If the original purpose of an interrogatory was to obtain a party's sworn answer to a specific question, even if the information sought has been made otherwise available elsewhere, the purpose of getting a sworn answer to the interrogatory has not been achieved.

For example, a party could attempt to use the "otherwise made known" exception to supplementation in Rule 26(e) to avoid offering a sworn oath and answer by a party. A party could

provide an evasive or incomplete answer to a Rule 33 interrogatory and then attempt to provide a large amount of facts in an unsworn letter or other unsworn document as a supplement. *See Sprint Comm'ns Co. L.P. v. Crow Creek Sioux Tribal Ct.*, 316 F.R.D. 254, 273 (D.S.D. 2016). If this were allowed it, "would render nugatory the utility of the interrogatory and the value of an interrogatory response." *Id.* A party could provide an unsworn response to Rule 33 interrogatories that are required to be sworn.

In our instant case, Interrogatory No. 10 asks whether ABR or any of its employees were issued citations, fines, penalties, reprimands, or suspensions by the U.S. Coast Guard, the BOEME, and the Louisiana Department of Environmental Quality, or any federal or state agency related to the incident involved in this case. The WAS Defendants, by using an interrogatory, are therefore seeking a sworn answer from ABR as to that question. While there may be information available to the WAS Defendants regarding this interrogatory from other sources, that does not relieve ABR's duty to provide a sworn supplement and answer to the interrogatory under Rule 33 if ABR's answer is now different. This Court will not allow ABR to initially give a sworn answer that they are not aware of any such issuance, but then not supplement with a sworn statement regarding any additional information that may have developed since the interrogatory was posed or allow ABR to point to documents which may provide an answer in order to skirt the requirement of giving an answer under oath. If the Court were to allow this it would eviscerate the purpose of using interrogatories as a means of securing admissions and answers. Therefore, the request to compel a supplemental response to Interrogatory No. 10 is **GRANTED**.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that the Defendants' **Motion to Compel Inspection of the M/V MISS WYNTER and to Compel Abe's Boat Rentals, Inc. to Update Discovery Responses (R. Doc. 67)** is **GRANTED IN PART AND DENIED IN PART.**

**IT IS ORDERED** that the Motion is **GRANTED** regarding Interrogatory No. 10, seeking an admission that ABR or any employee was issued any notices, citations, fines, penalties, reprimands, or suspensions by the U.S. Coast Guard, the BOEME, the Louisiana Department of Environmental Quality, or any other federal or state government department agency pertaining in any manner to the incident, and if so, a description in detail. ABR shall supplement its response **no later than seven (7) days from the signing of this Order.**

**IT IS ORDERED** that the Motion is **DENIED** to the extent that the Second Requests for Production of Documents and Inspection are **PREMATURE**.

New Orleans, Louisiana, this 9th day of November 2017.

_____
**KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE**